# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JEROME LYNN HOLLY,

    Petitioner,

v.                                                                                               CV 12-0952 MCA/WPL

ERASMO BRAVO,

    Respondent.

## ORDER

    Jerome Lynn Holly, who was convicted of first-degree murder and attempted first-degree murder and who pleaded no contest to charges of tampering with evidence and racketeering (Ex. A)[1], has filed a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Holly alleges violations of *Brady v. Maryland*[2]; conspiracy between the trial court, the district attorney, and his own defense team; prosecutorial misconduct; and ineffective assistance of counsel. (*Id.*)

    After his jury trial concluded, Holly filed a timely appeal to the New Mexico Supreme Court, which affirmed his convictions on January 29, 2009. (Ex. B, H.) Holly alleges that his attorney told him that a motion for rehearing before the state supreme court had been filed, and he further alleges that he attempted to contact his attorney multiple times after being told this. (Doc. 1 at 10.) However, the record does not reflect that any motion for rehearing was filed, and Holly did not seek certiorari from the United States Supreme Court.

---

[1] All exhibit labels refer to exhibits to Erasmo Bravo's answer, which is docket number 10.

[2] 373 U.S. 83, 87 (1963).

Holly filed a pro se petition for a writ of habeas corpus in the state trial court on December 19, 2011 (Ex. J) and a second-or-successive petition on February 12, 2012 (Ex. L). These petitions were each dismissed (Exs. K, O), and the New Mexico Supreme Court denied certiorari (Ex. S).

Holly filed his federal habeas petition on September 10, 2012. (Doc. 1.) Respondent Erasmo Bravo argues in his answer that Holly's judgment became final on May 14, 2009, the final day for him to seek Supreme Court review, and that any federal habeas petition filed over a year after that date is time-barred under 28 U.S.C. § 2244(d)(1). (Doc. 10 at 7-9).

Holly contends that the limitation period under § 2244(d)(1) should be considered tolled in light of his trial attorney's false representations that a motion for rehearing had been filed and his unsuccessful attempts to contact the attorney before filing his state habeas petition. (Doc. 1 at 10.) Holly argues that these efforts represent an unconstitutional impediment, presumably under 28 U.S.C. 2244(d)(1)(B). (*Id.*) However, these statements could also be liberally construed as an argument for equitable tolling of the one-year statute of limitations. *See Fleming v. Evans*, 481 F.3d 1249, 1255-57 (10th Cir. 2007); *see also Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992) (citation omitted) (requiring liberal construction of pro se complaints).

The statute of limitations in § 2244(d) is subject to equitable tolling, but only if the petitioner can show that he diligently pursued his federal habeas claims, and only if he can show rare and exceptional circumstances beyond his control prevented him from filing a timely petition. *Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (citation omitted). The Tenth Circuit has recognized that "egregious attorney misconduct may constitute 'extraordinary circumstances' that justify equitable tolling." *See Fleming,* 481 F.3d at 1256-57 (citations omitted). Thus, when a petitioner has alleged that his attorney affirmatively and deceitfully

misrepresented the filing status of documents affecting the limitation period for habeas petitions, and when the petitioner has alleged sufficient facts to suggest "reasonable diligence" on his own behalf, such allegations may warrant an evidentiary hearing to determine whether the petitioner is entitled to equitable tolling. *See id.*

IT IS THEREFORE ORDERED THAT:

1. an evidentiary hearing on Holly's petition will be held before me on **Wednesday, April 10, 2013**, **at 1:30 p.m. in the Rio Grande Courtroom of the United States District Court at 333 Lomas Blvd. N.W., Albuquerque, New Mexico**, with such hearing limited to the question of whether Holly is entitled to equitable tolling of the statute of limitations imposed by 28 U.S.C. § 2244(d)(1); and

2. the **Federal Public Defender shall be appointed to represent Holly** for purposes of this hearing.

                                                                                                                  _____
                                                                                  William P. Lynch
                                                               United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.